# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIEL PINEGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 14-0437 (RCL) |
| | ) |
| DOCUMENT TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The record of this case reflects that it was removed to this Court on March 18, 2014, and the defendant's certificate of service indicates the Notice of Removal was served on Stuart L. Peacock, counsel for plaintiff.

Defendant filed what was docketed as a Motion to Dismiss on March 26, 2014, with a certificate of service by mail on Stuart L. Peacock, counsel for plaintiff, anticipating an electronic notice of filing through the Court's CM/ECF system. What was actually received, however, was a Corporate Disclosure Statement, with a certificate of ECF and mail service on Stuart L. Peacock, as well as the Motion to Dismiss with a similar certificate of service.

The Court's docket indicates that on March 25, 2014, the electronic notice of filing was sent only to defendant's counsel and not to plaintiff or his counsel. The Clerk of Court did not send a copy to plaintiff or his counsel because neither has entered any appearance in this court. *See* ECF No. 2. The Clerk terminated the original Motion to Dismiss [ECF No. 2] as entered in error.

The following day, March 26, 2014, the defendant filed a Motion to Dismiss. Again, defendant's counsel certified service by mail on Stuart L. Peacock as well as ECF. Again, the Clerk sent the electronic service only to defendant, not to plaintiff or his counsel since they still had not appeared in this Court. This Motion to Dismiss was docketed. [ECF No. 4].

On April 3, 2014, the Clerk's Office received and filed the original file of the proceedings of the Superior Court of the District of Columbia.

On July 10, 2014, defendant filed a "Notice of Lack of Opposition to Motion to Dismiss" [ECF No. 6], and supporting exhibits on July 17, 2014 [ECF No. 7]. Defendant relies therein on electronic service of its Motion to Dismiss, but it was not served electronically, as noted above. Defendant's counsel attached an email from Stuart L. Peacock dated April 23, 2014, claiming that he had received nothing since the notice of removal. On April 23, 2014, defendant's counsel responded by email indicating that he was emailing a copy of the motion to dismiss and inquiring as to whether Mr. Peacock had received electronic verification of defendant's filing. On April 23, 2014, Mr. Peacock replied that he had not received the prior electronic notice, and asserted that he would respond to the Motion to Dismiss "after I have had an opportunity to consider."

Neither plaintiff nor his counsel has filed anything in this case. Defendant's counsel certified that a copy of defendant's "Notice of Lack of Opposition to Motion to Dismiss" and defendant's "Notice of Filing of Exhibits" were each served by mail on Stuart L. Peacock. Defendant again erroneously argues that these documents were also sent by ECF, but that is not true.

Nevertheless, the record is clear that neither plaintiff nor his counsel has taken any steps to prosecute this case since it was removed here on March 18, 2014, and plaintiff's counsel has

2

never responded to the outstanding Motion to Dismiss.

Defendant's Motion [4] will be **GRANTED**, and this case will be **DISMISSED**.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on October 1, 2014.